IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA THAMES, on her own behalf and
on the behalf of her minor child, T.R.,

      Plaintiff,

vs.                                                                                 CIV 11-0610 ACT/KBM

ALBUQUERQUE PUBLIC SCHOOL DISTRICT
BOARD OF EDUCATION, a municipal corporation, *et al.*,

      Defendants.

## ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER

THIS MATTER came before the Court on Plaintiff's Motion for Protective Order *(Doc. 45)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. The motion will be granted in part and denied in part.

Having recently dismissed the sole claim brought on her own behalf, Plaintiff's remaining claims are those brought on behalf of her minor son, T.R., who is now 15 years old. *See Doc. 51 & 52*. The Complaint makes the following allegations. *Doc. 1-1*. T.R. suffered severe emotional and physical trauma at the age of two when he witnessed the violent murder of his parents. Since that event "he was treated through both inpatient hospital treatment and extensive therapy" including seven and a half months at the Los Lunas Sandhill Child Development Center in 2009. In the fall of 2009, T.R.'s mental health had sufficiently improved such that he was placed in a seventh grade "mainstream" public school setting here in Albuquerque.

The Complaint further alleges that T.R. was making progress until he was subjected to racial slurs and threats by the driver of the bus charged with transporting T.R. to and from

Jefferson Middle School in the spring of 2010.  Based upon the allegedly hostile environment created by the bus driver, T.R. significantly regressed emotionally and mentally.  T.R. and his mother have since moved to Atlanta where he now attends a military school.  There T.R. is active in athletics and receives care three times a week from a family therapist who is also "on call" if T.R. needs his assistance..

Defendants noticed the depositions of T.R. and his mother for July 2, 2012 in Albuquerque, but Plaintiff's counsel filed a notice of non-appearance as to T.R. and only his mother was deposed.  Plaintiff now seeks a protective order requiring T.R.'s deposition to be taken by video conferencing or skype so that he can remain in Atlanta  with minimal disruption of his schedule.  Plaintiff also seeks to restrict the subjects that may be raised in the deposition to reduce any emotional distress to T.R.

Insofar as the location and scheduling are concerned, generally a plaintiff must make himself available for a deposition in the district where the action was filed.  "Absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted." *Williams v. Sprint/United Management Co.*, 2006 WL 1867471 at *3, citing *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 603-04 (D.Nev.1999).  Although video conferencing adds some benefit to a remotely taken deposition, delays in and quality of the transmission can make such questioning less than ideal.  As Defendants contend, an in-person deposition better enables an "opportunity to actually meet T.R. face to face and to ascertain his temperament, his mannerisms and his overall personality." *Doc. 48* at 5.

Plaintiff argues, however, that this case presents an exception to that general rule because

of concerns in avoiding disruptions in T.R.'s mental health progress. It appears that T.R. will be on summer break from Aug 3, 2012 until August 23, 2012. Thus, those twenty days provide an opportunity for travel to Albuquerque for the deposition with a minimum of interference with T.R.'s school schedule. *See Doc. 48* at 5. The Court notes that there are many direct flights between Atlanta and Albuquerque every day such that the travel time involved is also minimal; therefore, his therapy appointments would not be unduly interrupted during that time period. T.R.'s ability to travel apparently is not at issue. In her submitted deposition testimony, Plaintiff referred to several out-of-state trips that T.R. has taken without any significant problems. Given these observations, I am unconvinced that Defendants should be required to settle for less than an in-person deposition, especially given the large damages sought for T.R.'s alleged emotional injuries.[1] Also, because four of the five attorneys are located in New Mexico, Albuquerque seems the appropriate location for the deposition.

As to concerns about possible detriment to T.R.'s mental condition, District Judge Browning faced similar circumstances when he asked to prohibit depositions of minor plaintiffs who were alleged to have been traumatized and were receiving treatment, as does T.R. here, for post-traumatic stress syndrome (PTSD). *Hunt v. Green*, CIV 03-0585 JB/LFG, Memorandum Opinion and Order at Doc. 58 (03/04/2012). In that case, Judge Browning

> assume[d], from the concerns expressed by mental health professionals, that the depositions of the minor Plaintiffs would be detrimental to their recovery. The Court will also assume that the Defendants have no desire to jeopardize any healing that these two children are experiencing. In any case, the Defendants are

---

[1] Although the discovery deadline is currently set to run on August 13, 2012, the Court is more than willing to extend the deadline for the purpose of taking this deposition. I also note that there is a pending joint motion to extend deadlines now before Judge Torgerson for his consideration. *See Doc. 56*.

3

>   entitled to take the depositions of the minor Plaintiffs in this case. The minor Plaintiffs chose to participate in this case, or their adult guardian chose to have them participate, and to seek damages for actions and omissions alleged against the Defendants. The Court should then allow the Defendants to depose the children. . . . The depositions will, however, be held under conditions designed to make the children as comfortable as possible. The depositions will occur in the undersigned's chambers' conference room. The named Defendants shall not be present. The children's therapist may attend. All counsel shall make every effort to minimize any trauma or stress related to being deposed. The undersigned will be available to reschedule any depositions or, if necessary, sit through the depositions.

*Id.* at 3-4. I am persuaded that Judge Browning struck the proper balance in that case, and I will do the same in this matter. To the extent that Defendants want to inquire into traumatic experiences and their effects on T.R.'s mental health, such questioning should be tailored as to relevancy to the claims in *this* case and designed to minimize stress on T.R. I will make myself available during the deposition to assure that T.R.'s well being is not jeopardized.

    **IT IS ORDERED**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE